**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 16-cv-00957
DONALD RAYSOR,

                                            Plaintiff,

                                                                               **COMPLAINT**

          -against-

SECOND ROUND SUB, LLC.,

                                            Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to GE Capital Retail Bank n/k/a Synchrony Bank/Jewelry Accents.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant purchases debts which are already in default.

11. Defendant purchases consumer debts which are already in default.

12. Defendant purchases consumer debts which are already in default and which were originally owed or due or alleged to be originally owed or due to others.

13. Defendant purchases such defaulted consumer debts for the purpose of collection.

14. Defendant collects or attempts to collect the defaulted consumer debts it purchases.

15. Defendant regularly collects or attempts to collect such defaulted consumer debts either itself or through others.

16. Defendant regularly collects or attempts to collect, either directly or indirectly, such defaulted consumer debts.

17. The principal purpose of defendant's business is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

18. Defendant uses the mail in its business the principal purpose of which is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

19. Defendant regularly purchases for the purpose of collection such defaulted consumer debts.

20. Upon information and belief, defendant is foreign limited liability company incorporated in Texas.

- 4 -

## FACTUAL ALLEGATIONS

21. Plaintiff re-alleges paragraphs 1-20 as if fully re-stated herein.

22. At some point in time, plaintiff allegedly incurred a personal debt to Jewelry Accents/Synchrony Bank.

23. At some subsequent point in time Jewelry Accents/Synchrony Bank alleged that the debt fell into default.

24. Subsequent to the alleged default, in the year 2014 plaintiff received collection letters from a certain debt collector for Synchrony Bank concerning the alleged Jewelry Accents debt.

25. Upon receipt of the collection letters, plaintiff consulted with his attorneys at Fagenson & Puglisi concerning the alleged debt.

26. Thereafter, by letter dated December 10, 2014, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to the debt collector.

27. In said letter, Ms. Puglisi advised said debt collector that Fagenson & Puglisi represented plaintiff.

28. In said letter, Ms. Puglisi also advised said debt collector that plaintiff should not be contacted directly.

29. Further, in said letter Ms. Puglisi requested documentation supporting the claim.

30. On information and belief, the debt collector informed Synchrony Bank that plaintiff was represented by Fagenson & Puglisi.

31. Plaintiff thereafter received a collection letter dated December 9, 2015 from D & A Services, LLC of IL concerning the same Jewelry Accents debt.

32. In the letter D & A Services stated that the current creditor of the debt is defendant.

33. In the letter D & A Services sought to resolve the debt on behalf of its client, defendant.

34. D & A Services mailed the letter directly to plaintiff.

35. D & A Services mailed the letter directly to plaintiff on behalf of defendant.

36. Defendant had obtained the debt from Synchrony Bank.

37. Defendant had obtained the debt from Synchrony Bank for the purpose of collecting it.

38. Defendant had obtained the debt from Synchrony Bank after plaintiff's alleged default on the debt.

39. After obtaining the debt from Synchrony Bank, defendant assigned it to D & A Services for the purpose of collection on defendant's behalf.

40. Defendant caused D & A Services to send collection letters to plaintiff on behalf of defendant.

41. D & A Services sent at least two collection letters directly to plaintiff on behalf of defendant.

42. Defendant knew that plaintiff was represented by Fagenson & Puglisi in the matter of the debt before D & A Services sent its collection letters directly to plaintiff on behalf of defendant.

43. Upon information and belief, Synchrony Bank informed defendant of Fagenson & Puglisi's representation before D & A Services sent its collection letters directly to plaintiff on behalf of defendant.

44. Defendant should have known that plaintiff was represented by Fagenson & Puglisi in the matter of the debt before D & A Services sent its collection letters directly to plaintiff on behalf of defendant.

45. Upon receipt of the collection letter dated December 9, 2015 from D & A Services plaintiff felt annoyance, confusion, surprise and harassment that defendant would cause D & A Services to contact plaintiff directly despite defendant's knowledge that plaintiff was represented by counsel in the matter of the debt.

AS AND FOR A FIRST CAUSE OF ACTION

Improper direct communication with Plaintff

15 U.S.C. §§ 1692c(a)(2) and 1692e(10)

46. Plaintiff re-alleges paragraphs 1-45 as if fully re-stated herein.

47. Synchrony Bank knew that plaintiff was represented by counsel and should not be contacted directly.

48. Upon information and belief, Synchrony Bank informed defendant of plaintiff's legal representation before defendant caused D & A Services to send its collection letters directly to plaintiff.

49. Defendant knew of plaintiff's legal representation before defendant caused D & A Services to send its collection letters directly to plaintiff.

50. In any event, defendant had an affirmative duty to inquire of Synchrony Bank whether plaintiff was represented by counsel in the matter before defendant caused D & A Services to send its collection letters directly to plaintiff.

51. Defendant did not inquire of Synchrony Bank whether plaintiff was represented by counsel before defendant caused D & A Services to send its collection letters directly to plaintiff.

52. Defendant did not inquire of Synchrony Bank whether plaintiff was represented by counsel before defendant assigned the debt to D & A Services for collection.

53. Defendant caused D & A Services to send its debt collection letters directly to plaintiff notwithstanding defendant's knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

54. Defendant caused D & A Services to send its debt collection letters directly to plaintiff as a result of defendant's violation of its affirmative duty to inquire of Synchrony Bank, before any direct communication was made with plaintiff, whether plaintiff was represented by counsel.

55. Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in causing D & A Services to communicate directly with plaintiff after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with D & A Services directly in disregard of the representation of his counsel.

56. Defendant is also in violation of the FDCPA, § 1692e(10) in that defendant's conduct in causing D & A Services to communicate directly with plaintiff as a result of its violation of its affirmative duty to inquire of Synchrony Bank, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with D & A Services directly in disregard of the representation of his counsel.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

57. Plaintiff re-alleges paragraphs 1 to 56 as if fully re-stated herein.

58. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

59. Defendant breached its duty to collect plaintiff's debt with reasonable care.

60. In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant or its agents was made with the attorney, and not with the consumer directly.

61. The fact that defendant's agent, D & A Services, contacted plaintiff directly regarding the same debt for which defendant had been informed that plaintiff had legal representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

62. On information and belief, defendant obtains tens, if not hundreds, of consumer accounts of New York residents each month, for the purpose of collection.

63. Defendant's act of causing its agent to communicate with plaintiff directly is a deceptive and misleading act and practice.

64. Said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

65. Defendant's deceptive and misleading act and practice was consumer-oriented, in that defendant's act of causing its agent to communicate directly with a legally-represented consumer despite knowledge that he is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant obtained from Synchrony Bank for collection and on which there was legal representation.

66. Defendant maintained no agreement or procedure with Synchrony Bank to ensure that Synchrony Bank did not transfer to defendant accounts of legally–represented consumers or, in the alternative, to ensure that Synchrony Bank identified the accounts of legally represented consumers being transferred to defendant.

67. Defendant's said conduct of causing its agent to communicate directly with legally-represented consumers has a broad impact on consumers at large whose accounts are obtained from Synchrony Bank by defendant for collection and who are represented by counsel in the matter of the collection of their debt.

68. Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in D & A Services sending its letters to plaintiff directly on defendant's behalf, thereby improperly encouraging plaintiff to communicate with D & A Services directly about a debt for which he had the representation of counsel.

69. Therefore, defendant's failure to honor plaintiff's legal representation and its causing D & A Services to send its letters directly to plaintiff was deceptive and misleading in a material way.

70. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

71. Upon receipt of the collection letter dated December 9, 2015 from D & A Services plaintiff felt annoyance, confusion, surprise and harassment that defendant would cause D & A Services to contact plaintiff directly despite defendant's knowledge that plaintiff was represented by counsel in the matter of the debt.

72. Defendant violated NYGBL § 349(a) by the causing its agent D & A Services to send its letters directly to plaintiff and is liable to plaintiff under NYGBL § 349(h).

73. Communications from debt collectors, such as those which defendant caused D & A Services to send to plaintiff, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

74. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from continuing to communicate with plaintiff directly, whether by itself or through others, pursuant to NYGBL § 349;

(e) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i) for such other and further relief as may be just and proper.

- 12 -

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 9, 2016.

>*/s/  Novlette R. Kidd*
>NOVLETTE R. KIDD, ESQ. (NK 9339)
>FAGENSON & PUGLISI
>Attorneys for Plaintiff
>450 Seventh Avenue, Suite 704
>New York, New York 10123
>Telephone: (212) 268-2128
>Nkidd@fagensonpuglisi.com